IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NICOLAS SALDANA, ELIZABETH ) <br> SALDANA, USSO TRANSPORTATION LLC, ) <br> and AYUB ABDULE, ) <br> ) <br> Defendants. ) | Case No. 1:25-cv-1503 |

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, The Cincinnati Insurance Company ("Cincinnati") for its First Amended Complaint for Declaratory Judgment, states as follows:

### NATURE OF THE ACTION

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 to determine the rights and obligations of Cincinnati under an insurance policy.

2. This action seeks a declaration as to coverage under the insurance policy issued by Cincinnati to Transport Services, Inc. ("TSI") for the claims first asserted in the lawsuit filed by Nicolas and Elizabeth Saldana ("Underlying Plaintiffs") in DuPage County, Illinois, against Ayub Abdulle ("Abdulle") and USSO Transportation, LLC ("USSO") under Case No. 2023LA000295 and then removed to the United States District Court for the Northern District of Illinois under case No. 1:23-CV-02529 ("Underlying Lawsuit").

3. For the reasons set forth herein, Cincinnati asserts that it owes no coverage in connection with the Underlying Lawsuit pursuant to the terms, conditions, exclusions, and limitations of the insurance policy that it issued to TSI.

1

## THE PARTIES

4. Plaintiff Cincinnati is a citizen of Ohio because it is an Ohio Corporation with its principal place of business in Fairfield, Ohio.

5. Defendant USSO is a limited liability company organized under the laws of Minnesota, with its principal place of business in Savage, Minnesota. Its sole member Abdifatah Ali is a citizen of Minnesota. USSO is a citizen of Minnesota.

6. Defendant Ayub Abdulle is a citizen and resident of the State of Minnesota.

7. Defendants Nicolas and Elizabeth Saldana are citizens and residents of the State of Illinois.

## JURISDICTION AND VENUE

8. In the Underlying Lawsuit's complaint, Nicolas and Elizabeth Saldana seek a sum in excess of $100,000 based on claims of injury, harms, and losses. Therefore, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. The amount in controversy exceeds the jurisdictional minimum.

9. Jurisdiction exists under 28 U.S.C. § 1332. Plaintiff, Cincinnati, is a citizen of Ohio, while the Defendants are citizens of Minnesota and Illinois. Therefore, complete diversity exists between the Plaintiff and the Defendants.

10. Venue is proper in this District because the accident giving rise to the Underlying Lawsuit occurred in DuPage County, Illinois.

## UNDERLYING FACTS

### A. The Underlying Lawsuit

11. On March 22, 2023, Nicolas and Elizabeth Saldana filed a civil complaint in the Circuit Court of DuPage County, Illinois, Case No. 2023LA000295, against Abdulle and USSO

2

("Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached as **Exhibit A**.

12. On April 21, 2023, Abdulle filed a Notice of Removal to the United States District Court for the Northern District of Illinois, case no. 1:23-cv-02529.

13. The Underlying Complaint alleges that, on September 21, 2021, Nicolas Saldana was driving a 2013 Ford Fusion westbound on Diehl Road, approaching the intersection with the on-ramp for Interstate 88 in DuPage County, Illinois. (Ex. A, ¶ 5).

14. The Underlying Complaint alleges that Abdulle, while operating a 2013 Cascadia Freightliner owned by USSO, failed to yield the right-of-way and turned left toward the Interstate 88 ramp, colliding with Mr. Saldana's vehicle (the "Accident"). (Ex. A, ¶¶ 6, 10).

15. The Underlying Complaint alleges that Abdulle breached his duties under the Federal Motor Carrier Safety Regulations and Illinois state law. (Ex. A, ¶¶ 7–8, 26–28).

16. The Underlying Complaint alleges that, at the time of the Accident, Abdulle was operating the commercial motor vehicle in the course and scope of his employment and/ or agency with USSO, in furtherance of the business and mutual benefit of each, and was subject to the control of USSO pursuant to its directions and commands and utilizing its operating authority and equipment. (Ex. A, ¶¶ 18-19, 22-24).

17. The Illinois Traffic Crash Report referenced in the complaint identifies Defendant Abdulle's failure to yield the right-of-way as the primary cause of the accident. (Ex. A, ¶ 31).

18. The Underlying Lawsuit brings the following causes of action (Ex. A ¶¶ 25-52):

    a. Negligence and Negligence Per se – Abdulle (Count I);

    b. Respondeat Superior – Against Defendant USSO (Count II);

    c. Negligence – USSO (Count III);

d. Loss of Consortium – Abdulle (Count IV) (on behalf of Elizabeth Saldana);

e. Loss of Consortium – USSO (Count V) (on behalf of Elizabeth Saldana);

19. The Underlying Complaint alleges that, as a direct result of Underlying Defendants' negligence, Nicolas Saldana suffered and will suffer severe and permanent injuries, including physical pain, emotional distress, medical expenses, impairment of his quality of life, lost wages, and earning capacity. (Ex. A, ¶¶ 29, 35, 44).

20. The Underlying Complaint alleges that, as a direct result of Underlying Defendants' negligence, Elizabeth Saldana asserts a derivative claim for loss of consortium for the injuries to her husband have deprived her of his love, affection, companionship, and services. (Ex. A, ¶¶ 47–52).

**B. Additional Facts**

21. Upon information and belief, the insurer for the Underlying Defendants Abdulle and USSO has reportedly tendered its $1 million policy limit to settle the Underlying Lawsuit.

22. On November 26, 2024, Nicolas Saldana, through counsel, tendered the Underlying Lawsuit to Cincinnati by providing a November 9, 2020 Trailer Rental Agreement No. 20-33372 between TSI (the Lessor) and USSO (the Lessee) (the "Lease"). A true and correct copy of the Lease is attached hereto as **Exhibit B**.

23. The Lease provides, in the pertinent part:

a. **Lessee's Indemnification Obligations**: "The Lessee (USSO) agrees to indemnify, defend, and hold harmless the Lessor (TSI) from and against any and all claims, losses, liabilities, obligations and expenses (including reasonable attorneys' fees) (collectively, "claims"), in any way arising out of or incident to the agreement or lessee's use, possession, maintenance, control or condition of the trailer during the

4

term of this agreement, regardless of whether such claims were caused in whole or in party by the negligence of any of the indemnified parties…"

b. **Lessee's Insurance Obligations**: The Lessee must maintain comprehensive automobile liability insurance with limits of at least $1 million and name the Lessor as an additional insured and loss payee. The Lessee is responsible for ensuring the minimum levels of financial responsibility required by federal, state, and local law.

24. Additionally, Mr. Saldana supplied a copy of a September 16, 2021 "Acord" Certificate of Insurance identifying TSI as the Certificate Holder, and stating that the "Certificate holder is [an] additional insured and loss payee on" several trailers, including the 2013 Wabash semi-truck involved in the Accident. A true and correct copy of the Certificate of Insurance is attached hereto as **Exhibit C**.

25. Relying on the Lease and the Certificate of Insurance, Mr. Saldana referred to the Business Auto Policy issued by Cincinnati to TSI, asserting that it provides an additional $1 million in excess coverage for the Accident. Mr. Saldana specifically referenced the "Who Is An Insured" and "Other Insurance" provisions of Cincinnati's Business Auto Coverage Form, as well as the Leasing or Rental Concerns – Contingent Coverage form. A true and correct copy of the November 26, 2024 letter is attached hereto as **Exhibit D**.

## THE CINCINNATI POLICY

26. Cincinnati issued a policy of insurance bearing policy number EPP0181242 to Transport Services Inc. (the "Policy"). The Policy provides Commercial General Liability Coverage, Business Auto Coverage, and Commercial Umbrella Liability Coverage with effective dates from April 3, 2021, to April 3, 2022. A true and correct certified copy of the Policy is attached hereto as **Exhibit E**.

5

27. Business Auto Coverage Form of the Policy ("Business Auto") contains the following pertinent provisions:

**BUSINESS AUTO COVERAGE FORM**

\*\*\*

*Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.*

\*\*\*

**SECTION I - COVERED AUTOS**

*ITEM TWO of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".*

**A. Description of Covered Auto Designation Symbols**

**SYMBOL      DESCRIPTION**

*1 = ANY "AUTO".*

\*\*\*

**SECTION II - LIABILITY COVERAGE**

**A. Coverage**

*We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".*

\*\*\*

*We have the right and duty to defend any "insured" against a "suit" asking for such damages .... However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" .... to which this insurance does not apply....*

\*\*\*

**1. Who is an Insured**

*The following are "insureds":*

**a.** *You for any covered "auto".*

**b.** *Anyone else while using with your permission a covered "auto" you own, hire or borrow except:*

…

**(3)** *Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.*

6

\*\*\*

Ex. E at CIC000253.

28. The Policy contains the following CinciPlus® Business Auto Xc+® (Expanded Coverage Plus) Endorsement, quoted below:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **CinciPlus® BUSINESS AUTO XC+® (EXPANDED COVERAGE PLUS) ENDORSEMENT**
>
> This endorsement modifies insurance provided by the following:
>
> **BUSINESS AUTO COVERAGE FORM**
>
> \*\*\*
>
> C. *Additional Insured by Contract*
>
> **SECTION II - LIABILITY COVERAGE, A. Coverage, I. Who is an Insured** *is amended to include as an insured any person or organization with which you have agreed in a valid written contract to provide insurance as is afforded by this policy.*
>
> *This provision is limited to the scope of the valid written contract. This provision does not apply unless the valid written contract has been:*
>
> 1. *Executed prior to the accident causing "bodily injury" or "property damage"; and*
>
> 2. *Is still in force at the time of the "accident" causing "bodily injury" or "property damage".*

Ex. E at CIC000291.

29. Business Auto Coverage Form contains the following endorsement on Leasing or Rental Concerns - Contingent Coverage ("Contingent Coverage Endorsement"), quoted below:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **LEASING OR RENTAL CONCERNS – CONTINGENT COVERAGE**

7

*This endorsement modifies insurance provided under the following:*

### BUSINESS AUTO COVERAGE FORM

*With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.*

*This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.*

| | |
|---|---|
| *Endorsement Effective: 04/03/2016* | *Policy Number: EPP0181242* |
| *Named Insured: TRANSPORT SERVICES INC.; THERRIEN PROPERTIES LLC* | |
| *Countersigned by:* | |

*(Authorized Representative)*

### SCHEDULE

**Limit of Insurance**                                                              $ 1,000,000

A. **SECTION II - LIABILITY COVERAGE** *and any required no-fault insurance provided by the policy for a covered "auto" that is a "leased auto" applies subject to the following provisions:*

  1. *The lessee or rentee has furnished you with a certificate of insurance, a copy of the policy or a copy of the endorsement making you an additional insured on the lessee's or rentee's policy as required by the leasing or rental agreement; and*

  2. *At the time of an "accident", the insurance required by the leasing or rental agreement is not collectible.*

B. **SECTION II - LIABILITY COVERAGE, C. Limit of Insurance** *is amended to include the following:*

  *As respects the coverage afforded by this endorsement only:*

  1. *For you, your "employees" or agents, the Limit of Insurance is the lesser of:*

     a. *The limits of liability required by the leasing or rental agreement; or*

     b. *The Limit of Insurance shown in the Schedule;*

  2. *For the lessee or rentee, any "employee" or agent of the lessee or rentee, or any person, except you or your "employees" or agents, operating the "leased auto" with the permission of any of these, the most we will pay is the minimum limit required by any applicable compulsory or financial responsibility law.*

8

    C.   **SECTION IV - CONDITIONS** *is amended as follows:*

    *For the purposes of this endorsement* **General Condition B.5. Other Insurance** *is deleted in its entirety and replaced by the following:*

    *The insurance provided by this endorsement is excess over any other collectible insurance, whether primary, excess or contingent, unless such insurance is specifically written to apply in excess of this policy.*

    D.   *If the lessee's or rentee's policy is cancelled, the insurance provided by this endorsement ends the earlier of the following dates:*

        *1.*   *The date you regain custody of the "leased auto"; or*

        *2.*   *30 days after the effective date of cancellation.*

    E.   **SECTION V - DEFINITIONS** *is amended to include the following:*

    *"Leased auto" means an "auto" you lease or rent to a lessee or rentee, including any substitute, replacement or extra "auto" needed to meet seasonal or other needs, under a lease or rental agreement that requires the lessee or rentee to provide primary insurance for you.*

Ex. E at CIC000266.

    30.   The Commercial Umbrella Liability Coverage Form of the Policy ("Umbrella") contains the following pertinent provisions:

        ***COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM***

           \*\*\*

    ***SECTION I - COVERAGE***

       A.   **Insuring Agreement**

           1.   *We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages for "bodily injury", "personal and advertising injury" or "property damage" to which this insurance applies:*

               *a.*   *Which is in excess of the "underlying insurance"; or*

               *b.*   *Which is either excluded or not insured by "underlying insurance".*

    31.   The Umbrella contains the following "Who Is An Insured" provision:

**SECTION II - WHO IS AN INSURED**

9

> **2.** Only with respect to liability arising out of the ownership, maintenance, occupancy or use of an "auto":
>
> a. You are an insured.
>
> b. Anyone else while using with your permission an "auto" you own, hire or borrow is also an insured except:
>
>> **(1)** The owner or any other person or organization (except your "executive officers" or principals) from whom you hire or borrow an "auto", unless such persons or organizations are insureds in your "underlying insurance" listed in the Schedule of Underlying Insurance, and then only for such hazards for which coverage is provided by such "underlying insurance". This exception does not apply if the "auto" is a trailer or semitrailer connected to an "auto" you own.
>>
>> ...
>>
>> **(3)** Someone using an "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos", unless that business is yours.
>>
>> **(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from an "auto".
>
> c. Anyone liable for the conduct of an insured described in Paragraphs **2.a.** and **b.** above is also an insured, but only if they are provided insurance coverage for such liability by valid and collectible "underlying insurance" listed in the Schedule of Underlying Insurance and then only for such hazards for which coverage is provided by such "underlying insurance".
>
> 3. At your option and subject to the terms of this insurance, any additional insureds not addressed by Paragraphs **1.** and **2.** above covered in the "underlying insurance" listed in the Schedule of Underlying Insurance are also insureds, but only to the extent that insurance is provided for such additional insureds thereunder.
>
> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a Named Insured in the Declarations.

Ex. E at CIC000303-CIC000308.

    32.    The Umbrella contains the following definition for "Underlying Insurance":

> **25.** "Underlying insurance" means the insurance listed in the Schedule of Underlying Insurance and the insurance available to the insured under all other insurance policies applicable to the "occurrence". "Underlying

> *insurance" also includes any type of self-insurance or alternative method by which the insured arranges for funding of legal liabilities that affords coverage that this Coverage Part covers.*

Ex. E at CIC000315.

33. The Umbrella contains the following endorsement titled Auto Liability Limitation ("Auto Liability Limitation Endorsement"), quoted below:

> ***THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.***
>
> ***AUTO LIABILITY LIMITATION***
>
> *This endorsement modifies insurance provided under the following:*
>
> **COMMERCIAL UMBRELLA LIABILITY COVERAGE PART**
>
> \*\*\*
>
> **SECTION I - COVERAGE, B. Exclusions** *(and in the Professional Umbrella Liability Coverage Part and the Professional Umbrella Liability Coverage Part - Claims-Made only: Subparagraph **1.**) is modified to add the following:*
>
> *This insurance does not apply to:*
>
> *Any liability arising out of the ownership, maintenance, occupancy, operation, use, "loading or unloading" of any "auto", unless such liability is covered by valid and collectible "underlying insurance" as listed in the Schedule of Underlying Insurance and then only for such hazards for which coverage is afforded by such "underlying insurance".*

Ex. E at CIC000325.

## COUNT I - DECLARATORY JUDGMENT: THE INSURANCE PROVIDED BY USSO WAS COLLECTIBLE

34. Nicolas Saldana requested excess coverage in relation to the Underlying Lawsuit under the Policy.

35. The Policy's Business Auto Coverage Form does not provide coverage for the claim that is the basis of the Underlying Lawsuit because, at the time of the Accident, (1) the commercial vehicle operated by Abdulle qualifies as a "leased auto" under the Policy, and (2) the

insurance required by the Lease, provided by the Lessee, USSO, was collectible. Accordingly, the Business Auto does not apply.

36. The Umbrella does not provide coverage for the claim that is the basis of the Underlying Lawsuit because the Umbrella does not apply to damages that are not covered by the Business Auto.

37. Cincinnati is entitled to a declaration that it does not owe any coverage under the Policy in relation to the Underlying Lawsuit.

## COUNT II – DECLARATORY JUDGMENT: NONE OF THE DEFENDANTS QUALIFY AS AN INSURED UNDER THE UMBRELLA

38. The Defendants do not qualify as a named insured or an additional insured under the Policy.

39. None of the defendants are identified in the Policy as named insureds or qualify as named insureds under the Policy.

40. The Lease between TSI and USSO does not require TSI to provide coverage to USSO, Abdulle, or any other person or entity.

41. Accordingly, the "Additional Insured by Contract" endorsement in the Policy is not satisfied because TSI did not agree, in a valid written contract, to provide insurance coverage to USSO, Abdulle, or any other Defendant.

42. Further, no one is an insured under the Umbrella with respect to the conduct of any limited liability company that is not identified as a Named Insured in the Declarations.

43. The Underlying Lawsuit arises out of the conduct of USSO, which is a limited liability company. USSO is not identified as a Named Insured in the Declarations of the Umbrella. Therefore, none of the Defendants are insured's under the Umbrella.

44. Accordingly, Cincinnati is entitled to a declaration that none of the Defendants qualifies as insureds under the Umbrella, and that no coverage is owed under the Umbrella in relation to the Underlying Lawsuit.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff The Cincinnati Insurance Company requests:

A. That this Court find and declare that Cincinnati owes no coverage under the Policy in relation to the Underlying Lawsuit;

B. That Cincinnati be awarded its costs of suit; and

C. That this Court grant other and further relief as it deems proper under the evidence and circumstances.

Dated: August 8, 2025                                  Respectfully submitted:

                                                               THE CINCINNATI INSURANCE COMPANY

                                                            /s/     *Dennis M. Dolan*
                                                            Dennis M. Dolan, One of Its Attorneys

Dennis M. Dolan (#6229150)
Yixin "Sam" Shangguan (#6336746)
LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
Phone: 312.781.6641 (Dolan)
Phone: 312.781.6594 (Shangguan)
Email: Dolan@LitchfieldCavo.com
Email: Shangguan@LitchfieldCavo.com